UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| WHITNEY NICOLE TAYLOR, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Nos. 2:18-CV-107; 2:16-CR-045 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## **MEMORANDUM OPINION**

Petitioner Whitney Nicole Taylor has filed a *pro se* motion to vacate, set aside, or correct her sentence under 28 U.S.C. § 2255 [doc. 1], along with a supporting memorandum, raising several claims of ineffective assistance of counsel. [Doc. 2].[1] The United States has responded in opposition to the motion [doc. 3], and Petitioner has submitted a reply. [Doc. 16]. The matter is now ripe for resolution.

The Court finds the materials submitted, together with the record of the underlying criminal case, conclusively show that Petitioner is not entitled to relief on the claims asserted. Accordingly, the Court will decide this matter without an evidentiary hearing. *See* 28 U.S.C. § 2255(b). For the reasons discussed below, the Court finds that Petitioner's motion to vacate is without merit and, thus, will deny and dismiss the motion with prejudice.

---

[1] All docket references are to Case No. 2:18-CV-107 unless otherwise noted.

I.

*Background*

In April 2016, Petitioner and four co-defendants were charged in a six-count indictment pertaining to a conspiracy to manufacture methamphetamine. [Case No. 2:16-CR-045, doc. 2]. Petitioner was named in Counts One (conspiracy to manufacture) and Four (possession of materials which may be used to manufacture), and she faced a mandatory minimum prison sentence of at least 120 months. *See id.*; 21 U.S.C. § 841(b)(1)(A).

Petitioner hired attorney David Robbins to represent her. [Case No. 2:16-CR-045, doc. 4]. On April 27, 2016, then-United States Magistrate Judge Clifton L. Corker, on his own motion, ordered that defendant undergo a mental examination due to witness testimony regarding Petitioner's history of mental health issues and substance abuse. [*Id.*, doc. 21]. The results of that examination, finding Petitioner competent to stand trial, are a part of the record in this case and were carefully considered by the Court at sentencing. [*Id.*, doc. 52].

On December 21, 2016, Petitioner entered into a plea agreement with the government. [*Id.*, docs. 101, 102]. Petitioner agreed to plead guilty to a lesser-included offense of Count One, thereby cutting her mandatory minimum sentence exposure in half. *See id.*; 21 U.S.C. § 841(b)(1)(B). The plea agreement was signed by Petitioner and

2

attorney John Matthew Bolton.  Attorney Bolton filed a notice of appearance the following day as retained counsel replacing attorney Robbins.  [Case No. 2:16-CR-045, doc. 109].[2]

In her plea agreement, Petitioner acknowledged that she conspired to manufacture at least five, but less than 50, grams of actual methamphetamine.  [*Id.*, doc. 101, p. 2]. Petitioner specifically admitted to "purchasing 28 grams of pseudoephedrine which she knew was used to manufacture, conservatively, 14 grams of actual methamphetamine." [*Id.*].

The Court conducted a change of plea hearing on January 26, 2017.  Although there is no transcript of that hearing in the record, the Court recalls conducting its standard colloquy with Petitioner and finding her competent to enter a guilty plea.[3]  The Court confirmed that Petitioner indeed wished to plead guilty.  The Court also confirmed: that Petitioner had been afforded ample time to discuss the case with her attorney; that counsel had explained the meaning of any words Petitioner might not have understood; that counsel had explained the terms of Petitioner's plea agreement to her; and that Petitioner understood that her sentence would be determined *by the Court*.

The probation office subsequently disclosed the PSR, calculating an advisory guideline range of 70 to 87 months imprisonment.  [Case No. 2:16-CR-045, doc. 150, ¶

---

[2] The Court notes that many of Petitioner's ineffective assistance criticisms are misdirected toward attorney Robbins.  As but one example, Petitioner complains that "initial defense counsel" did not timely object to her Presentence Investigation Report ("PSR").  [Doc. 2, p. 6].  However, attorney Robbins could not have objected to the PSR because that document was not disclosed until almost three months after Robbins was replaced.  [Case No. 2:16-CR-045, docs. 119, 150].

[3] Where, as here, the same judge considering the § 2255 motion also presided over the underlying proceedings, the judge may rely on his recollections of those proceedings.  *Ray v. United States*, 721 F.3d 758, 761 (6th Cir. 2013).

76]. The PSR correctly noted that, but for Petitioner's highly favorable plea agreement, a 120-month mandatory minimum sentence would have applied. [*Id.*, ¶ 79].

Twice, attorney Bolton attempted to include an untimely PSR objection (seeking a U.S.S.G. § 3B1.2 mitigating role reduction) within Petitioner's sentencing memorandum. [Case No. 2:16-CR-045, docs. 162, 167]. Twice, the Court ordered those filings removed from the docket because they "feature[d] an untimely PSR objection." [*Id.*, docs. 165, 170]. Counsel then filed a third, and untimely, sentencing memorandum which expressly abandoned the PSR objection. [*Id.*, docs. 172, 173]. That memorandum did, however, persuasively argue for a downward variance based in part on Petitioner's history of substance abuse and mental illness. [*Id.*, doc. 173]. Appended to that filing were several letters of support discussing those very issues. [*Id.*].

The Court held Petitioner's sentencing hearing on July 11, 2017, and imposed a below-guidelines sentence of 60 months' imprisonment (the lowest sentence allowed by law in this case). [*Id.*, doc. 177]. The Court varied downward from the guideline range in part due to Petitioner's substance abuse history. [*Id.*, doc. 178].

Petitioner did not file a direct appeal of her sentence or conviction. Instead, she submitted this timely *pro se* § 2255 motion to vacate on July 10, 2018.

II.

*Standards of Review*

To obtain relief under 28 U.S.C. § 2255, a petitioner must demonstrate "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an

4

error of fact or law that was so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)). To warrant relief under 28 U.S.C. § 2255 because of constitutional error, the error must be one of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993) (citation omitted) (§ 2254 case); *Jefferson v. United States*, 730 F.3d 537, 549-50 (6th Cir. 2013) (applying *Brecht* test to § 2255 motion). A petitioner "must clear a significantly higher hurdle than would exist on direct appeal" to secure collateral relief. *United States v. Frady*, 456 U.S. 152, 166 (1982); *Regalado v. United States*, 334 F.3d 520, 528 (6th Cir. 2003) (citing *Frady*, 456 U.S. at 166).

"[A] pro se petitioner's section 2255 motion is entitled to a generous construction." *Fields v. United States*, 963 F.2d 105, 109 (6th Cir. 1992). Nevertheless, when a movant files a § 2255 motion, she must set forth facts which entitle her to relief. *Green v. Wingo*, 454 F.2d 52, 53 (6th Cir. 1972); *O'Malley v. United States*, 285 F.2d 733, 735 (6th Cir. 1961). A motion that merely states general conclusions of law without substantiating its allegations with facts is without legal merit. *Loum v. Underwood*, 262 F.2d 866, 867 (6th Cir. 1959).

When a § 2255 movant claims she was denied her Sixth Amendment right to effective assistance of counsel, a court must presume that counsel provided effective assistance, and the movant bears the burden of showing otherwise. *Mason v. Mitchell*, 320 F.3d 604, 616-17 (6th Cir. 2003). To meet that burden, a petitioner must prove that specific

5

acts or omissions by her attorney were deficient and that the attorney failed to provide "reasonably effective assistance," which is measured by "prevailing professional norms." *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). "[T]he constitutional right at issue here is ultimately the right to a fair trial, not to perfect representation." *Smith v. Mitchell,* 348 F.3d 177, 206 (6th Cir. 2003) (citing *Strickland*). A court's "role on habeas review is not to nitpick gratuitously counsel's performance. *Smith*, 348 F.3d at 206.

Next, a petitioner must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome," *id.*, and "requires a substantial, not just conceivable, likelihood of a different result." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (citation and internal quotation marks omitted). The prejudice test is modified in the context of a guilty plea— a petitioner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). Yet, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Strickland*, 466 U.S. at 691. Furthermore, if "it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed." *Id.* at 697.

A petitioner alleging ineffective assistance of counsel bears "a heavy burden of proof." *Pough v. United States*, 442 F.3d 959, 966 (6th Cir. 2006) (citation omitted).

6

"Surmounting *Strickland*'s high bar is never an easy task . . . and the strong societal interest in finality has 'special force with respect to convictions based on guilty pleas.'" *Lee v. United States*, 137 S. Ct. 1958, 1967 (2017) (quoting *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010), and *United States v. Timmreck*, 441 U.S. 780, 784 (1979)).

III.

*Discussion*

Petitioner raises four claims of ineffective assistance of counsel. Those claims, which to some extent overlap, will be addressed in turn.

A. Plea

Petitioner's first and second claims accuse her attorneys of providing ineffective assistance at the plea stage. [Docs. 1, 2]. "A guilty plea is open to attack on the ground that counsel did not provide the defendant with 'reasonably competent advice.'" *Cuyler v. Sullivan*, 446 U.S. 335, 344 (1980) (quoting *McMann v. Richardson*, 397 U.S. 759, 770-71 (1970)). As noted, in the guilty-plea context, the Supreme Court employs the same two-part standard for ineffectiveness that was developed in *Strickland*. *See Hill*, 474 U.S. at 58-59. That is, a petitioner must demonstrate that (1) her attorney's performance was outside the range of competence demanded of attorneys in the criminal context, and (2) the professionally unreasonable performance prejudiced her. To show prejudice in the context of a guilty plea, a petitioner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* at 59.

7

According to Petitioner, attorney Robbins "never discussed the contents of Petitioner's plea with her prior to entering the courthouse for the time of the plea hearing, and represented to her that she would receive 42 months." [Doc. 2, p. 2].[4] Petitioner further contends that one or both of her attorneys failed "to do the necessary groundwork, including vigorous pre-trial motions and the obtaining of expert witnesses, to lay the groundwork for a favorable plea agreement." [Doc. 2, p. 5-6]. Specifically, Petitioner faults counsel for "fail[ing] to properly explore the issue of Petitioner's mental health and drug abuse issues … during the entire plea negotiation process." [*Id.*, p. 7].

These claims fail at *Strickland's* second step. Petitioner "cannot satisfy the prejudice prong in the absence of any statement that [s]he is actually innocent, or would have gone to trial if [her] attorney's performance had been different." *Hunter v. United States*, 160 F.3d 1109, 1115 (6th Cir. 1998). Petitioner makes neither claim. She does not allege she is innocent, nor does she claim that she would have decided to proceed to trial but for counsel's allegedly deficient performance.

Nor can Petitioner demonstrate ineffective assistance on her first and second claims The contentions that attorney Robbins did not review the plea agreement with her until the day of the plea hearing and that he promised her a 42-month sentence are contradicted the record and by her sworn statements at the change of plea hearing. Again, attorney Robbins was gone from this case prior to the change of plea hearing. Further, as discussed,

---

[4] As noted above, attorney Robbins was no longer counsel of record on the date of Petitioner's change of plea hearing. Attorney Bolton was. [Case No. 2:16-CR-045, doc. 125].

8

Petitioner affirmed at the change of plea hearing that she wished to plead guilty, and that one of her attorneys had adequately covered the plea agreement with her. Petitioner also confirmed her understanding that her sentence would be determined *by the Court* after the Court had reviewed and considered the PSR. As the Supreme Court has explained, "[s]olemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Petitioner's unsupported allegations are directly contradicted by the record and are not credited.

Next, the issues of Petitioner's mental health and substance abuse were part of the record for almost five months prior to the execution of her highly favorable plea agreement, by way of the psychological evaluation report.[5] As to counsels' alleged failure to file "vigorous pre-trial motions" and obtain expert witnesses, Petitioner fails to explain how those actions would have resulted in a more favorable plea.

Petitioner may believe that her counsel was constitutionally ineffective because she now thinks she could have secured a better deal if only her attorney were a better negotiator. However, the law is well-settled that dissatisfaction with a plea deal does not rise to a showing of constitutionally ineffective counsel. *See,* e.g., *Hunter*, 160 F.3d at 1115 ("[W]hile [petitioner] may later have decided that he could have done better, his

---

[5] In fact, that evaluation was only ordered because Petitioner's mother was produced by the defense as a witness who discussed Petitioner's history of mental illness. [Case No. 2:16-CR-045, doc. 21].

9

dissatisfaction does not rise to a showing of constitutionally ineffective counsel"); *United States v. Parker*, 609 F.3d 891, 895 (7th Cir. 2010) ("[W]hether a petitioner 'could have negotiated a better plea deal is irrelevant in the ineffective assistance context.'") (quoting *Bethel v. United States*, 458 F.3d 711, 720 (7th Cir. 2006)).

Additionally, a criminal defendant has "no constitutional right to plea bargain." *Weatherford v. Bursey*, 429 U.S. 545, 561 (1977). The government was therefore under no obligation to offer an even more lenient plea. Petitioner thus cannot bear her burden of showing "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

For all these reasons, Petitioner's first and second claims will be denied.

B. Failure to Object to PSR or Obtain a Substantial Assistance Reduction

By her third claim, Petitioner argues that attorney "Robbins failed to timely file motions . . . for Petitioner's [sic] to receive any benefit for her full cooperation, and as a result, was prevented from asserting her minor role in the case." [Doc. 2, p. 3].

The argument that attorney Robbins should have filed a motion "to receive any benefit for her full cooperation" fails at *Strickland*'s first prong. Again, attorney Robbins did not represent Petitioner at the sentencing phase. That point aside, the filing of a § 3553(e) motion (whereby Petitioner would have been eligible for a sentence below the mandatory 60 months that she received) is a matter solely within the discretion of the prosecutor. *See* 18 U.S.C. § 3553(e) ("*Upon motion of the Government*, the court shall have the authority to impose a sentence below a level established by statute as a minimum

10

sentence so as to reflect a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense.") (emphasis added). Counsel cannot be ineffective for not taking an action that he has no power to take. Petitioner therefore cannot show that either of her attorneys failed to provide "reasonably effective assistance" at sentencing by not filing a § 3553(3) motion.

Next, Petitioner's claim that counsel was ineffective by not filinge a minor role objection fails at *Strickland*'s second prong. Had attorney Bolton competently presented and litigated that objection, the bottom of Petitioner's restricted guideline range would have been 60 months. That is the very sentence she received. Thus, Petitioner again cannot show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

Petitioner's third claim will be denied.

### C. Failure to Present Mitigating Evidence at Sentencing

Lastly, Petitioner argues that counsel was ineffective in failing to present mitigation evidence at sentencing relating to her mental health and substance abuse. This claim fails at both steps of the *Strickland* analysis.

Attorney Bolton *did* file such evidence by way of the numerous letters appended to his motion for downward variance. [Case No. 2:16-CR-045, doc. 173]. The Court carefully considered those letters, along with the psychological evaluation report. Counsel's variance motion, citing Petitioner's mental health and substance abuse, was a success. The Court varied downward to a sentence of 60 months, based in part on

11

Petitioner's substance abuse history. [*Id.*, doc. 178]. Plainly, counsel did exactly what Petitioner accuses him of not doing.

Nor can Petitioner show that, if counsel had for example submitted *more* evidence on these issues, "the result of her sentencing would have been different." *Strickland*, 466 U.S. at 694. Petitioner received the lowest sentence allowed by law in this case.

Claim four will be denied.

IV.

*Conclusion*

For the reasons discussed in this Memorandum Opinion, Petitioner's § 2255 motion to vacate [Doc. 1] will be **DENIED** and **DISMISSED**.

V.

*Certificate of Appealability*

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if a petitioner has demonstrated a "substantial showing of a denial of a constitutional right." *Id.* The district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Id.*

A petitioner whose claims have been rejected on the merits satisfies the requirements of § 2253(c) by showing that jurists of reason would find the assessment of

12

the claims debatable or wrong. *Slack*, 529 U.S. at 484. Having examined each of Petitioner's claims under the *Slack* standard, the Court finds that reasonable jurists could not find that the dismissal of those claims was debatable or wrong. Therefore, the Court will **DENY** issuance of a certificate of appealability.

A separate judgment will enter.

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge